# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| AMERICAN SOUTHERN INSURANCE COMPANY, *a Kansas Corporation*, | )<br>)<br>)<br>) |
| Plaintiff, | ) Case No.: 5:19-cv-0155-LCB |
| v. | )<br>) |
| CREATIVE SCAPES, LLC, *an Alabama Limited Liability Company, and* RICHARD MARANVILLE, *an individual*, | )<br>)<br>)<br>) |
| Defendants. | |

## **MEMORANDUM OPINION**

This case arises out of an alleged breach of contract by the Defendants, Creative Scapes, LLC, and its sole member and manager, Richard Maranville. This Court has diversity jurisdiction over the matter pursuant to 28 U.S.C. 1332, because, according to the complaint, the amount in controversy exceeds $75,000, and the parties are of diverse citizenship.[1] Venue is proper in the Northeastern Division of the Northern District of Alabama because the Defendants maintain their principal place of business and residence in Madison County, Alabama, and the facts

---

[1] The Plaintiff is incorporated under the laws of Kansas, Defendant Creative Scapes is a limited liability company organized and existing under the laws of Alabama, and Defendant Richard Maranville is an adult resident of Madison County, Alabama.

underlying the claims asserted in the complaint occurred in this judicial district. *See* 28 U.S.C. § 1391(b).

## **Background**

This Court has reviewed the complaint and finds that it adequately states viable causes of action under Alabama law. According to the complaint, the Defendants entered into a subcontract with Denark[2] Construction in which the Defendants were to perform "rough carpentry and general trades work on a project known as the Grissom High School Project in Madison County, Alabama." (Doc. 1, p. 2). The subcontract sum was $372,600.00. The Plaintiff, American Southern Insurance Company ("American Southern"), issued a subcontract performance bond in the amount of $372,600.00 naming Creative Scapes as the principal, American Southern as surety, and Denark as obligee.

According to the complaint, the Defendants failed to timely perform their obligations under the contract. Therefore, Denark called upon American Southern to fulfill Creative Scapes's contractual obligations. In its motion for default judgment, American Southern alleges that it paid Denark a total of $300,000 to fully satisfy its obligations under the performance bond. American Southern also alleges that it has paid attorney's fees including costs and expenses as well as construction-

---

[2] According to the complaint, Denark, who is not a party to this action, was the general contractor under a contract with the Huntsville City Board of Education.

consulting fees in connection with the bond claim. These are the amounts that American Southern seeks to recover in this action.

The Plaintiff filed its complaint on January 28, 2019, and the record indicates that each Defendant was served on April 22, 2019.[3] (Docs. 7 and 8). Accordingly, the Defendants were required to file an answer or other responsive pleading by May 13, 2019. *See* Rule 12(a)(1)(A)(i), Fed. R. Civ. P. However, neither Defendant did so. Consequently, on motion of the Plaintiff, the Clerk entered default as to both Defendants on June 17, 2019, pursuant to Rule 55(a), Fed. R. Civ. P. (Docs. 11 and 12). The Plaintiff attached to its motion an affidavit stating that the Defendants were personally served with copies of the complaint; that the Defendants were not minors, incompetents, and/or active military; and that the Defendants had failed to plead or otherwise respond to the complaint. Therefore, the Clerk's entry of default was proper.

On July 9, 2019, the Plaintiff filed a motion for default judgment as to both Defendants. (Doc. 13). On November 5, 2019, this Court issued show-cause orders to both Defendants giving them until November 22, 2019, to show cause as to why the Plaintiff's motion for default judgment should not be granted. *See* (Docs. 19 and 20). The orders were sent by certified mail to the same address at which both

---

[3] In its affidavit filed in support of its motion for Clerk's entry of default, Plaintiff's counsel stated that it hired a process server who personally served Mr. Maranville and his company, Creative Scapes, LLC, at 185 Raleigh Way, Huntsville, AL 35811.

Defendants were personally served with copies of the complaint. However, the orders were returned to the Clerk as "Unclaimed" and "Unable to Forward." (Doc. 21). The Court has received no further response from either Defendant.

## Discussion

Rule 55(b), Fed. R. Civ. P., provides:

(b) Entering a Default Judgment.

  (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

  (2) By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:

    (A) conduct an accounting;

    (B) determine the amount of damages;

    (C) establish the truth of any allegation by evidence; or

    (D) investigate any other matter.

As noted, the Clerk entered default as to both Defendants on June 17, 2019, and the Plaintiff filed a motion for a default judgment with the Court on July 9, 2019. Although the Court permits the Clerk of Court to enter default when appropriate pursuant to Rule 55(a), it is the practice of the judges of this court to reserve all decisions about the entry of a Rule 55(b) default judgment for the discretion of the particular judge to which the case is assigned, even when Rule 55(b)(1) permits the Clerk of Court to enter a default judgment because the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain. Thus, Plaintiff's Motion for Default Judgment (Doc. 13) is properly before the undersigned. As discussed above, the Court finds that all the requirements of Rule 55, Fed. R. Civ. P., have been met. Accordingly, entry of a default judgment is proper.

As to damages, the Plaintiff asserts that it is entitled to $317,464.90. That amount includes the $300,000.00 paid to Denark in satisfaction of the performance bond; $3,952.50 paid to Boudwin Consulting, Inc., a construction-consulting firm hired to determine the cost of completing the work allegedly left unfinished by the Defendants; $10,051.70 in attorney's fees paid to Wright Green, P.C., in connection with the performance bond claim; and $3,460.70 in attorney's fees, costs, and expenses paid to Starnes, Davis, Florie, LLP, in connection with the present matter.

The Plaintiff attached to its motion an affidavit from John Northrup, the Assistant Vice President of Surety Claims for National Claims Services, Inc. National Claims Services, Inc., investigates claims made against payment and performance bonds issued by the Plaintiff. *See* (Doc. 13-1, 13-2, and 13-3). In his affidavit, Mr. Northrop detailed the monetary amounts listed in the previous paragraph and asserted that they are reasonable in this particular case. Mr. Northrop also attached invoices from Boudwin Consulting and from both law firms itemizing the fees and expenses claimed. Mr. Northrop attached copies of checks from the Plaintiff to the above-mentioned firms for the amounts claimed in his affidavit.

Under Rule 55(b), a final default judgment may be entered by the Court without a hearing if the claim "is for a sum certain or a sum that can be made by computation" upon the Plaintiff's request with an affidavit showing the amount due. Rule 55(b)(1), Fed. R. Civ. P.; *See United States Artist Corp. v. Freeman*, 605 F. 2d 854, 857 (5th Cir.1979) ("The case law is clear that a judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation.")(citations omitted). Damages may be awarded if the record adequately reflects the basis for such an award through "a hearing or a demonstration by detailed affidavits establishing the necessary facts." *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985)(citations omitted). The Court has reviewed Mr. Northrop's detailed

affidavit along with the attached itemized invoices and checks and is satisfied that the damages sought by the Plaintiff are reasonable and are for a sum that is easily calculated. The Plaintiff is therefore entitled to judgment against the Defendants in the amount of $317,464.90. A separate final judgment will be entered contemporaneously with this Memorandum Opinion.

**DONE** and **ORDERED** December 19, 2019.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE